# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

ANNA MARIA RIEZINGER,

                 Plaintiff,

vs.

WILLIAM P. BARR*, et al.,*

                 Defendants.

Case No. 3:19-cv-00127-TMB

## ORDER OF DISMISSAL

Anna Maria Riezinger, representing herself, has filed a Complaint in which she names herself as a plaintiff twice – once as a "lawful fiduciary," and once as a "lawful person."[1] Ms. Riezinger names "William P. Barr, U.S. Attorney General, et alia" and "Charles Rettig, IRS Commissioner, et alia" as the defendants.[2]

Federal Rule of Civil Procedure 8(a) requires that a complaint include:

(1) a short and plain statement of the grounds for the court's jurisdiction …;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[3]

---

[1] Docket 1 at 1.

[2] *Id.*

[3] Fed. R. Civ. P. 8(a).

No short and plain statement of any claim showing that she is entitled to relief, has been asserted by Ms. Riezinger.

1. <u>The plaintiff is responsible for establishing this Court's jurisdiction over the case</u>.

Jurisdiction is "[a] court's power to decide a case or issue a decree[.]"[4] As explained by the United States Supreme Court, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[5] That is, the United States Constitution or a federal statute must generally be at issue to establish this Court's jurisdiction. It is Ms. Riezinger's burden, as the plaintiff, to show that this Court has jurisdiction to hear her claims.[6]

Ms. Riezinger claims "international admiralty and maritime jurisdiction"[7] in this case. But, in her Complaint, she states no facts involving admiralty or maritime

---

[4] *Black's Law Dictionary* (10th ed. 2014).

[5] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

[6] *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen*, 511 U.S. at 377).

[7] Docket 1 at 2; *see also id*. at 9-10 ("Notice that explicit provision has been made for this action by the United States Congress which includes (1) 'the sole remedy and relief' provided by Title 50 Appendix 7(c) and (e) for 'persons'; and (2) the June 18, 1934 Amendment to the Trading with the Enemy Act waiving all normal statutes of limitation with respect to claims against 'war profits', and (3) the 1934 Bankruptcy Act and (4) The Bills of Lading Act … as originally enacted, and (5) the Suits in Admiralty Act … as originally enacted, and (6) The Admiralty Extension Act … and (7) The Public Vessels Act … as originally enacted, and (8) The Foreign Sovereign Immunities Act … as originally enacted, and (9) The False Claims Act … as originally enacted and (10) The Lanham Act

law. Nor does she provide facts which would otherwise provide this Court with jurisdiction.[8] "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must dismiss* the action."[9]

2. The Court must Dismiss Frivolous Lawsuits.

Ms. Riezinger's narrative is hard to understand, difficult to read, and covers allegations dating back to the American Civil War. Nothing in the Complaint indicates that Ms. Riezinger has, or will have, a claim for relief over which this Court has jurisdiction.

For instance, Ms. Riezinger asserts that she is a "Fiduciary for the United States [and] has declared status as a Foreign sovereign and as an American State National …"[10] She claims that "the existence of the Plaintiff Federation of the States pre-dates the American Civil War [and that] Plaintiffs were never

---

… and (11) the Admiralty, Maritime, and Prize Cases … and (12) the Special Maritime and Territorial Jurisdiction of the United States … and (13) The Postal Accountability and Enhancement Act … as originally enacted, are indicative but not exhaustive recitations.").

[8] *See id.* at 9-10.

[9] Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.") (citing Rule 12(h)(3)) (additional citations omitted); *United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction[.]") (citation omitted); *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) ("[A] jurisdictional defect . . . may be raised at any time during the proceedings, including on appeal.") (citations omitted).

[10] Docket 1 at 4.

Combatants in The American Civil War [but] have suffered Protective Custody and Occupation by their own Armed Forces ever since."[11] Plaintiff wants the return of property seized during the Civil War, which she claims is currently being held by the Attorney General and the IRS Commissioner.[12] She also claims to have been "misidentified as [a] United States Citizen[] or [a] Citizen[] of the United States and unconscionably taxed as a result."[13] Ms. Riezinger claims that her "actions are supported by existing law and commercial contracts and treaties including all three constitutions" and she seeks arbitration.[14]

Attached to her Complaint are photocopies of coins, as "proof of National and International Bond …"[15] and a "Declaration of American National Standing … Proof of Bonding Capacity," with "Declarations of Private Bankers," including what appear to be individual coats of arms for each of the declarants.[16]

"[A] complaint ... is frivolous where it lacks an arguable basis either in law or in fact."[17] And "[f]actual frivolousness includes allegations that are clearly

---

[11] *Id.*

[12] *Id.* at 5-7.

[13] *Id.* at 11-12.

[14] *Id.* at 15.

[15] Docket 1-1.

[16] Docket 1-2.

[17] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

baseless, fanciful, fantastic, or delusional."[18] Ms. Riezinger's complaint, as demonstrated by the examples provided above, is plainly frivolous.

Even "where the filing fee has been paid[,] [d]istrict courts have the authority to dismiss complaints founded on 'wholly fanciful' factual allegations for lack of subject matter jurisdiction" *sua sponte*.[19] Because Ms. Riezinger's allegations in this case are clearly frivolous, and they fail to indicate that this Court has any jurisdiction over the matter,[20] the case will be dismissed without leave to amend.

**IT IS THEREFORE ORDERED**:

1. This case is **DISMISSED WITH PREJUDICE**, for lack of jurisdiction and as frivolous.

2. The Clerk of Court is directed to enter a judgment accordingly.

DATED this 16th day of July, 2019 at Anchorage, Alaska.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
United States District Judge

---

[18] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, supra).

[19] *Franklin v. Murphy*, 745 F.2d 1221, 1228 & n. 6 (9th Cir. 1984) (citations omitted).

[20] *See, e.g. Salman v. State of Nevada Com'n on Judicial Discipline*, 104 F.Supp.2d 1262, 1266 (D. Nev. 2000) ("Plaintiff's argument that the gold fringe around an American flag in a courtroom designates admiralty jurisdiction is one of several wholly frivolous arguments."); *Felix v. Arizona Dept. of Health Services*, 606 F.Supp. 634, 636 (D. Ariz. 1985) ("The plaintiffs' contention that their complaint falls within the Court's admiralty and maritime jurisdiction is totally baseless. The plaintiffs' claim that they are entitled to the return of their original birth certificates held by the State of Arizona does not even arguably have a significant relationship to traditional maritime activity, which relationship is the touchstone in determining whether admiralty jurisdiction exists.") (citation omitted).